J-S30035-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HARRY BABINGER, II | : | |
| | : | |
| Appellant | : | No. 1881 WDA 2019 |

Appeal from the PCRA Order Entered November 26, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0007140-2015

BEFORE:   MURRAY, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    FILED JULY 24, 2020

Appellant, Harry Babinger, appeals pro se from the Order entered in the Court of Common Pleas of Allegheny County dismissing, without a hearing, his second petition filed under the Post Conviction Relief Act ("PCRA") as untimely. Herein, Appellant contends the PCRA court erred by failing to serve upon him the Notice of Intent to Dismiss as required by Pa.R.Crim.P. 907.  In addition, Appellant alleges PCRA counsel failed to serve the Turner/Finley[1] "No Merit" letter upon him.  As the record belies Appellant's claims, we affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1988).

On April 12, 2016, a jury found Appellant guilty of the following offenses: Involuntary Deviate Sexual Intercourse, Unlawful Contact with a Minor, Sexual Assault, Incest, Indecent Assault, and Endangering the Welfare of a Child.[2] The trial court sentenced Appellant on June 27, 2016 to an aggregate sentence of 23 to 46 years of incarceration and 7 years of consecutive probation, and it subsequently denied Appellant's post sentence motion, seeking modification of sentence, on June 30, 2016. By order dated November 7, 2016, Appellant was designated a sexually violent predator.

Appellant filed a timely notice of appeal to this Court, and by our memorandum decision of January 19, 2018, we affirmed judgment of sentence in all respects except for the order designating Appellant a SVP, which we vacated and remanded for lack of proper notice pursuant to 42 Pa.C.SA. 9799.23.

On May 21, 2018, Appellant pro se filed a timely first PCRA petition, and the PCRA court appointed counsel. Appointed counsel filed a Turner/ Finley "No Merit" letter on September 21, 2018, and the PCRA court on the same date issued its Rule 907 Notice of Intent to Dismiss, notifying Appellant he had 20 days in which to respond. On October 12, 2018, Appellant filed a pro se request for an extension of time in which to prepare a response because, he asserted, he had not yet received counsel's Turner/Finley letter due to the prison's restrictive mail operations. The court did not rule on Appellant's

_____

[2] 18 Pa.C.S. §§ 3123 (b), 6318 (1), 3124.1, 4302 (b), 3126 (a) (7), and 4304, respectively.

request, and by its Order of October 30, 2018, it dismissed without a hearing Appellant's PCRA Petition as frivolous.

The order notified Appellant that he had 30 days in which to file an appeal of this order to the Superior Court, but Appellant filed no appeal. Instead, he filed a November 20, 2018 motion with the PCRA court to stay the order that had already been filed, and filed a February 12, 2019, motion to the PCRA court seeking restoration of his appellate rights under his first PCRA petition. The PCRA court responded to neither motion.

Appellant filed this petition, his second under the PCRA, on August 5, 2019. The PCRA court appointed new counsel, who eventually filed with the court a petition to withdraw pursuant to Turner/Finley and his "no merit" letter on October 19, 2019. On October 28, 2019, the PCRA court issued to Appellant its Notice of Intent to Dismiss, and dismissed the PCRA Petition without a hearing on November 26, 2019. This timely appeal followed.

Appellant raises the following questions for our consideration:

1. Did the trial court violate the Appellant's Constitutional right to due process by failing to properly serve the Appellant with Notice of Intent to dismiss the Appellant's Post-conviction Collateral relief (PCRA) petition, in violation of Pennsylvania Rules of Criminal Procedure 907(1) and 114 (B)(3)(a)(iv)?

2. Was PCRA counsel ineffective for failing to serve the Appellant with a copy of no-merit letter and was the court in error for failing to recognize this ineffectiveness?

Appellant's brief, at 4.

Preliminarily, we note our well-established standard of review:

> This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

Commonwealth v. Turetsky, 925 A.2d 876, 879 (Pa.Super. 2007) (citations omitted).

> Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Commonwealth v. Monaco, 996 A.2d 1076, 1079 (Pa.Super. 2010) (citations omitted).

> [There are] three statutory exceptions to the timeliness provisions in the PCRA [that] allow for the very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petitioner must allege and prove:

>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time

period provided in this section and has been held by that court to apply retroactively.

Id. at 1079-80 (citing 42 Pa.C.S.A. § 9545(b)(i)-(iii)).

Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented.[2] 42 Pa.C.S.A. § 9545(b)(2). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." Commonwealth v. Marshall, 596 Pa. 587, 947 A.2d 714, 719 (2008) (citation omitted).

In the case sub judice, Appellant's judgment of sentence became final on February 18, 2018, thirty days after this Court affirmed judgment of sentence in all respects except for his SVP designation and Appellant filed no appeal with the Pennsylvania Supreme Court. Appellant filed the instant PCRA petition, his second, on August 5, 2019, more than one year after his judgment of sentence became final. The present petition is, therefore, patently untimely. See 42 Pa.C.S.A. § 9545(b)(1).

In his brief, Appellant fails to acknowledge the untimeliness of his petition or invoke any exception. Instead, he argues only that he received neither proper notice from the court regarding its intent to dismiss pursuant to Rule 907 nor proper service of counsel's Turner/Finley letter advising him of counsel's motion to withdraw from representation and advising him of his right to proceed pro se or by retained counsel.

As Appellant did not allege, either below or in this appeal, any exception to the time-bar of the PCRA statute, we hold that his petition was untimely

filed. Therefore, even if the record supported Appellant's contention that the court failed to issue proper Rule 907 notice, because the petition is untimely, such lack of notice is not reversible error. Commonwealth v. Taylor, 65 A.3d 462, 468 (Pa.Super. 2013) (citing Commonwealth v. Pursell, 561 Pa. 214, 749 A.2d 911, 917 n. 7 (2000)).

Moreover, we observe that the record belies Appellant's claim alleging lack of service of counsel's Turner/Finley no-merit letter. Specifically, counsel's October 18, 2019, Motion for Leave to Withdraw as Counsel, to which counsel's separate no-merit letter was attached, included a Certificate of Service indicating "Delivery by First Class Mail" to Appellant at his correct address at SCI Forest.[3] Appellant directs our attention to nothing in the certified record that undermines such evidence of service. Accordingly, we discern no ineffective assistance of counsel under this record.

Accordingly, we deem Appellant's second PCRA petition untimely filed and qualifying for no exception to application of the time-bar, such that neither the PCRA court nor this Court has jurisdiction to provide the relief Appellant seeks.

Order affirmed.

_____

[3] In addition, in accordance with Commonwealth v. Widgins, 29 A.3d 816, 818 (Pa.Super. 2011), the no-merit letter properly detailed the nature and extent of counsel's review, the issues Appellant wished to raise, and a discussion explaining why those issues lacked merit. Also attached was counsel's correspondence to Appellant advising him of the right to proceed pro se or by retained counsel.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/24/2020